IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 26-MJ-00001-JAM |
| QILIN WU, | |
| Defendant. | |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant QILIN WU, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A criminal complaint has been filed charging the defendant with unlawful photographing of a defense installation and vital military equipment without authorization, in violation of 18 U.S.C. § 795.

2. This offense is a Class A misdemeanor that is a violation of the Espionage Act.

3. Based on this charge and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

4. Under the Bail Reform Act, a defendant can be detained if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or

set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

5. In determining whether pretrial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

6. Upon review of criminal records, the defendant has had previous interactions with law enforcement officials that appear to indicate he has engaged in other espionage activities. As noted in the affidavit in support of the complaint, on May 7, 2024, officers of the Key West Police Department encountered an individual identified as Qilin Wu at 55 Quay Road, Key West, Florida. Wu was observed camping in his van and his van was documented as a suspicious vehicle by the responding officers. On May 14, 2024, at approximately 0319 local hours, Wu was encountered by Key West Police Department officers at 3681 South Roosevelt Boulevard, Key West, Florida. During this encounter, officers conducted a field interview and issued Wu a written warning for lodging and camping in his vehicle. The location of this interaction with the defendant was situated directly within the pathway used by Naval aircraft for takeoff and landing operations, thereby raising heightened safety and security concerns. On December 3, 2025, the defendant made admissions to law enforcement officials that he had previously visited Langley Air Force Base in Virginia, where he admitted that he photographed multiple military aircraft, including an A-10, a B-2, and a B-52. These facts tend to show that the defendant has engaged in a pattern of espionage endangering the national security interests of the United States and that he has an intent to continue to take photographs and videos of vital military installations and equipment.

7. The defendant is a citizen of China who has claimed asylum in the United States. He illegally entered the United States on or about June 22, 2023, near Nogales, Arizona. The U.S. Border Patrol determined that the defendant was illegally present in the United States and arrested him under the Immigration and Nationality Act. Due to a lack of detention space, the defendant was released on his own recognizance while he awaited removal proceedings. The defendant apparently resides in Massachusetts as he has a Massachusetts driver's license, and his vehicle bears Massachusetts plates. When the defendant interacted with law enforcement officials on December 2, 2025, the defendant admitted that he drove from Boston, Massachusetts to WAFB. There is no evidence that the defendant has any ties or connections to the Kansas City area. Moreover, on December 3, 2025, the defendant told investigators that he no longer likes Americans and that he intended to return to China thus revealing his intent to flee. The defendant has been in the custody of ICE since December 3, 2025. On January 6, 2026, the defendant was scheduled to have a hearing before an immigration administrative law judge regarding his potential removal from the United States. At the time of this filing, the undersigned counsel does not know the results of that hearing. These factors coupled with the fact that the defendant was likely involved in espionage, demonstrate that he poses a great risk of flight and that there is no condition or combination of conditions that will reasonably ensure his presence other than detention.

8. The weight of the evidence establishing the defendant's guilt is compelling. On December 2, 2025, investigators informed the defendant he was prohibited from taking photographs of WAFB. The next day, law enforcement officials encountered the defendant at the same location and the defendant showed investigators 18 images or videos, many of which contained images of WAFB and vital military equipment. The defendant made multiple admissions that he took these photographs and videos. On December 4, 2025, after waiving his

*Miranda* rights, the defendant confessed to taking these videos and photographs with his cellular phone and the confession was both audio and video recorded. Further, that interview was conducted by an agent who was a former FBI linguist – thus there is no evidence that the defendant was confused or mistaken due to a lack of understanding the English language. Investigators have photographs of the defendant's phone and the defendant's photographs of vital military equipment and the military installation. On January 5, 2026, FBI investigators executed a search warrant on the defendant's cellular phone. *See* 25-SW-00556-LMC. While the forensic analysis has yet to be completed on the phone, investigators do have access to the phone's data. The phone will almost assuredly confirm that the defendant did take photographs and images of a vital military installation and vital military equipment. Moreover, if the cellular phone demonstrates that vital images were forwarded to a third party, the Government may pursue additional felony charges.

9. The defendant took photographs and videos of the fencing and a gate at WAFB. This belies the defendant's claims that the defendant was merely an aviation enthusiast. Photographs and videos of the security perimeter of the base tends to show that the defendant's intent was to capture images that could later examined by nefarious actors who are interested in infiltrating the security of this vital military installation. WAFB hosts critical DoD infrastructure that is essential to the Department of the Air Force's nuclear deterrence capabilities and a variety of other DoD missions. WAFB plays a central role in national security by housing the B-2 Spirit stealth bomber fleet, enabling precision global strike, strategic deterrence, and nuclear readiness. Its assets provide advanced stealth, radar-evading technology, and secure command and control systems that ensure the credibility of the United States' nuclear triad. Consequently, the incapacitation or destruction of WAFB would have a debilitating impact on the nation's nuclear

deterrence posture and one or more critical DoD missions. The defendant's release from custody would therefore invariably put the community and the United States at risk of serious harm particularly since the defendant has indicated an interest in going to other military installations to take photographs.

10. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

R. Matthew Price
United States Attorney

By: /s/ *William A. Alford III*

William A. Alford III
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on January 7, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                       */s/ William A. Alford III*
                                       William A. Alford III
                                       Assistant United States Attorney